# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>JAY WU,<br><br>Appellant. | No. 60348-9-II<br><br><br><br>UNPUBLISHED OPINION |

GLASGOW, J.—The State charged Jay Wu with the manufacture of marijuana after detectives discovered 149 cannabis plants growing inside his home while executing a search warrant. At trial, Wu moved to suppress the evidence seized during the search, arguing that the search warrant was not supported by probable cause. The trial court denied the motion to suppress and the parties proceeded to a stipulated facts bench trial. The trial court found Wu guilty as charged, and Wu appeals.

Wu argues, and the State concedes, that the search warrant was not supported by probable cause because it was silent as to whether the Department of Agriculture was contacted to rule out the possibility that Wu was legally growing hemp. We accept the State's concession, reverse, and remand for the trial court to vacate Wu's conviction and to conduct any necessary further proceedings.

## FACTS

The State charged Jay Wu with the manufacture of marijuana after detectives discovered 149 cannabis plants growing inside his home while executing a search warrant. At trial, Wu filed

a CrR 3.6 motion to suppress the evidence obtained from the search of his property. Wu argued that the search warrant was not supported by probable cause.

The affidavit supporting probable cause for the search warrant stated that Washington State Patrol had received a tip about an indoor marijuana grow located at Wu's residence. The affidavit further stated that there was an RV storage garage on the property that appeared to have all the windows covered in black plastic from the inside, and the smell of growing marijuana could be detected from the roadway in the front of the house. An inquiry into the power records at the residence revealed an unusually high power consumption. The state patrol contacted the Washington State Liquor and Cannabis Board and was informed that there were no marijuana licenses or cooperative permits for Wu's address. The affidavit was silent as to whether the state patrol contacted the Department of Agriculture to determine if there was a permit for hemp production.

The trial court denied the motion to suppress, concluding that based on the totality of the information in the search warrant affidavit, there was sufficient information to conclude Wu was probably engaged in the illegal manufacturing of marijuana.

Wu and the State proceeded with a stipulated facts bench trial. Based on the stipulated facts, the trial court concluded that Wu was guilty of manufacturing marijuana. The trial court sentenced Wu to 0 days of confinement and 12 months of community custody, which was stayed pending appeal.

Wu appeals.

ANALYSIS

Wu argues that the trial court erred by denying his motion to suppress because the affidavit in support of the search warrant failed to establish probable cause for an illegal cannabis grow. The State concedes, and we accept the State's concession.

We review de novo the trial court's conclusion of whether an affidavit is supported by probable cause to issue a search warrant. *State v. Neth*, 165 Wn.2d 177, 182, 196 P.3d 658 (2008). Under the Fourth Amendment to the United States Constitution and article I, section 7 of the Washington State Constitution, a search warrant may be issued only upon a showing of probable cause. *State v. Le*, 33 Wn. App. 2d 818, 829-30, 564 P.3d 1019 (2025). "Probable cause requires more than suspicion or conjecture, but it does not require certainty." *State v. Chenoweth*, 160 Wn.2d 454, 476, 158 P.3d 595 (2007).

"Evidence seized pursuant to a search warrant must be suppressed if probable cause does not support the warrant." *State v. Gudgell*, 20 Wn. App. 2d 162, 180, 499 P.3d 229 (2021). The exclusionary rule requires the suppression of evidence obtained from an illegal search. *State v. Betancourth*, 190 Wn.2d 357, 364, 413 P.3d 566 (2018). "This includes the initially seized evidence and any fruit of the poisonous tree." *Id*.

Wu contends that the search warrant in this case was not supported by probable cause that the suspected grow was an *illegal* grow as opposed to a licensed grow. The State responds that the affidavit is silent regarding whether the State contacted the Department of Agriculture to determine if there was a permit for hemp production, and that omission leaves open the possibility that Wu was producing hemp lawfully. The State concedes that because facts that are consistent with legal activity do not provide sufficient basis for a search warrant, even if there are also possible criminal

3

No. 60348-9-II

explanations, we should vacate Wu's conviction and remand for suppression of the evidence seized.

CONCLUSION

We accept the State's concession that the trial court erred when it determined there was probable cause to support a search warrant. Accordingly, we reverse and remand for the trial court to vacate Wu's conviction and to conduct any necessary further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

PRICE, J.

CHE, J.